WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Juan Vianez,<br><br>　　　　　　　Plaintiff,<br><br>　vs.<br><br>District Court of Phoenix,<br><br>　　　　　　　Defendant. | No.  CV 13-2310-PHX-RCB (BSB)<br><br><br>**O R D E R** |

On November 12, 2013, Plaintiff Juan Vianez, who is confined in the United States Penitentiary-Florence in Florence, Colorado, filed a *pro se* Complaint pursuant to 42 U.S.C. § 1983.  In a November 18, 2013 Order, the Court noted that Plaintiff had not paid the $400.00 filing and administrative fees or filed an Application to Proceed *In Forma Pauperis*.  The Court gave Plaintiff 30 days to either pay the filing and administrative fees or file an Application to Proceed.  The Court also dismissed the Complaint because Plaintiff had not filed on a court-approved form, as required by Local Rule 3.4.  The Court gave Plaintiff 30 days to file an amended complaint on a court-approved form.

On November 25, 2015, Plaintiff filed a Document (Doc. 4) entitled "Venire facias[;] Oral hearing (A)(2)."  On December 2, 2013, he filed a Document (Doc. 5) entitled "Quad Pemitt[;] Delay" and a Document (Doc. 6) entitled "Order."

. . . .

**I.  Document 4**

In Document 4, Plaintiff states that he would like a "court date to state his case." He also states that he is "waiting on the pro bono and personal investigator that he requested."

Currently, Plaintiff's Complaint has been dismissed with leave to amend and he has not paid the filing and administrative fees or filed an Application to Proceed *In Forma Pauperis*. There is, therefore, no reason to hold a hearing so Plaintiff can "state his case."

To the extent Plaintiff sought a "pro bono [attorney] and personal investigator" in his Complaint, there is no constitutional right to the appointment of counsel in a civil case. *See Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 269 (9th Cir. 1982). In proceedings *in forma pauperis*, the court may request an attorney to represent any person unable to afford one. 28 U.S.C. § 1915(e)(1). But Plaintiff has not been authorized to proceed *in forma pauperis* because, as of yet, he has not filed an Application to Proceed *In Forma Pauperis*.

Even if Plaintiff had been authorized to proceed *in forma pauperis*, appointment of counsel under 28 U.S.C. § 1915(e)(1) is required only when "exceptional circumstances" are present. *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). A determination with respect to exceptional circumstances requires an evaluation of the likelihood of success on the merits as well as the ability of Plaintiff to articulate his claims *pro se* in light of the complexity of the legal issue involved. *Id.* "Neither of these factors is dispositive and both must be viewed together before reaching a decision." *Id.* (quoting *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)). Given the fact that Plaintiff's Complaint has been dismissed, exceptional circumstances that would require the appointment of counsel are not present in this case.

Thus, the Court will deny Plaintiff's requests in his Document 4.

**II. Document 5**

In Document 5, Plaintiff accuses the Court of "wasting time" and appears to be

alleging that he provided information to the Court that would enable the Court to obtain his inmate account information.[1]

Plaintiff requests no relief in Document 5 and, therefore, the Court will take no action regarding this document. Plaintiff should take note that it is *his* responsibility to either pay the filing and administrative fees or file a complete Application to Proceed *In Forma Pauperis*. It is not the Court's responsibility to obtain a copy of Plaintiff's inmate trust account statement.

### III.    Document 6

In Document 6, Plaintiff states that he sent documents to the Court, but the Court did not file the documents. Plaintiff "orders the Clerk to file a copy of the documents for this case (CV-13-02310-PHX-RCB) and file complaint."

First, the Clerk of Court was acting pursuant to a September 9, 2013 Court Order in *Vianez v. Phoenix (F.C.I.)*, 13-CV-1081-PHX-RCB (BSB) (D. Ariz.),[2] when it refused to accept documents in that case. Second, if Plaintiff wanted the "complaint" that is attached to Document 6 to be filed in this Court, he should have filed it *in this Court*, rather than submitting it to the Ninth Circuit Court of Appeals.

Thus, the Court will deny Document 6.

. . . .

. . . .

. . . .

. . . .

. . . .

. . . .

. . . .

---

[1] In this Complaint, Plaintiff states that the Court can "find a copy of trust account" by filing a Freedom of Information Act request with the United States Department of Justice.

[2] The Order stated that "[o]ther than a document submitted in furtherance of an appeal, **the Clerk of Court shall accept no further documents for filing in this case number**." (Doc. 8 in 13-CV-1081) (emphasis in original).

**IT IS ORDERED:**

    (1)    Plaintiff's November 25, 2013 Document (Doc. 4) is **denied**.

    (2)    Plaintiff's December 2, 2013 Document (Doc. 6) is **denied**.

DATED this 12th day of December, 2013.

_____
Robert C. Broomfield
Senior United States District Judge