WO

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

Juan Vianez,

                              Plaintiff,

        vs.

District Court of Phoenix,

                              Defendant.

No.  CV 13-2310-PHX-RCB (BSB)

**O R D E R**

**I    Procedural History**

On November 12, 2013, Plaintiff Juan Vianez, who is confined in the United States Penitentiary-Florence in Florence, Colorado, filed a *pro se* Complaint pursuant to 42 U.S.C. § 1983.  In a November 18, 2013 Order, the Court noted that Plaintiff had not paid the $400.00 filing and administrative fees or filed an Application to Proceed *In Forma Pauperis*.  The Court gave Plaintiff 30 days to either pay the filing and administrative fees or file an Application to Proceed.  The Court also dismissed the Complaint because Plaintiff had not filed on a court-approved form, as required by Local Rule 3.4.  The Court gave Plaintiff 30 days to file an amended complaint on a court-approved form.  The Court warned Plaintiff that his case would be dismissed without prejudice and without further notice if he failed to (1) file an amended complaint within 30 days and (2) pay the filing and administrative fees or file a complete Application to Proceed *In Forma Pauperis*.

1    On November 25, 2013, Plaintiff filed a Document (Doc. 4) entitled "Venire
2    facias[;] Oral hearing (A)(2)."   On December 2, 2013, he filed a Document (Doc. 5)
3    entitled "Quad Pemitt[;] Delay" and a Document (Doc. 6) entitled "Order."   In a
4    December 12, 2013 Order, the Court denied Documents 4 and 6 and indicated that the
5    Court would take no action on Document 5 because Plaintiff had requested no relief in
6    that document.

7    **II.     December 23, 2013 Document**

8    On December 23, 2013, Plaintiff filed a Document (Doc. 8) entitled "Venire
9    facias[;] Quad Pemittat."   Plaintiff states that he "has provided the courts with all the
10   information they need.   He would like a pro bono and personal investigator he has
11   requested."

12   First, there is no constitutional right to the appointment of counsel in a civil case.
13   *See Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 269 (9th Cir. 1982).   In
14   proceedings *in forma pauperis*, the court may request an attorney to represent any person
15   unable to afford one.   28 U.S.C. § 1915(e)(1).   But Plaintiff has not been authorized to
16   proceed *in forma pauperis* because he has not filed an Application to Proceed *In Forma
17   Pauperis*.   Thus, the Court will deny Plaintiff's request for a pro bono attorney and
18   personal investigator.

19   Second, although Plaintiff contends that he "has provided the courts with all the
20   information they need," he is incorrect.   Plaintiff has not filed an amended complaint and
21   has not either paid the filing and administrative fees or filed an Application to Proceed *In
22   Forma Pauperis*, as required by the November 18 Order.   Thus, the Court will dismiss
23   this action, without prejudice, pursuant to Rule 41(b) of the Federal Rules of Civil
24   Procedure, for failure to comply with a Court order.   *See Ferdik v. Bonzelet*, 963 F.2d
25   1258, 1260-61 (9th Cir. 1992) (stating a district court may dismiss action for failure to
26   comply with any order of the court).

27   **IT IS ORDERED:**

28   (1)     Plaintiff's December 23, 2013 Document (Doc. 8) is **denied**.

(2)     This action is **dismissed without prejudice** pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for failure to comply with a Court order; the Clerk of Court must enter judgment accordingly and close this case.

(3)     Other than a document submitted in furtherance of an appeal, **the Clerk of Court shall accept no further documents for filing in this case number**.

DATED this 13th day of January, 2014, nunc pro tunc.

Robert C. Broomfield
Senior United States District Judge